IN THE UNITED STATES
DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JERRY LEE BUSTOS, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 6:20-cv-00292 |
| | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Plaintiff, Jerry Lee Bustos, and files this Original Complaint against the United States of America, Defendant, and respectfully shows the court the following:

### A. PARTIES

1.     Plaintiff, Jerry Lee Bustos, is an individual who is a citizen of the United States.

2.     Defendant, the United States of America, may be served by delivering a copy of the summons and of the complaint, certified mail, return receipt requested, to the United States Attorney for the United States Attorney, Western District of Texas, 601 NW Loop 410, Suite 600, San Antonio, TX 78216, and by sending a copy of the summons and of the complaint by certified mail, return receipt requested, to the Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Ave, NW, Washington, DC 20530-001.

### B. JURISDICTION

3.      This court has exclusive jurisdiction pursuant to 28 U.S.C. § 1491 because Plaintiff's claims exceed $10,000.00.  Plaintiff does not waive recovery over $10,000.00.

4.      Plaintiff presents his claims to the U.S. Department of Justice for violations of his due process rights and damages.

## C. JURISDICTION and VENUE

5.      Jurisdiction is appropriate in this court because the defendant is the United States of America.

6.      Venue is appropriate in this court because the original infringement of Plaintiff's rights occurred in this court.

## D. ASSIGNMENT TO MAGISTRATE

7.      Plaintiff does not consent to the assignment of this case to a magistrate judge.

## E. FACTS

8.      Plaintiff was indicted on October 2, 1990, and charged with possession of a firearm. Mr. Bustos was tried and found guilty by a jury.

9.      Under the enhancement statute of 18 U.S.C. 924(e) and alleging three prior felonies making Plaintiff an Armed Career Criminal, the punishment range was extended from 10 years to a minimum of 15 years to a maximum of life in prison. Accepting the pre-sentencing report (PSR), the court sentenced Mr. Bustos to 30 years imprisonment, five years of supervised release, and a $5,000 fine.

10.     Mr. Bustos was sent to federal prison at the maximum security facility in Leavenworth, Kansas.

11.     The Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), called Mr. Bustos' sentence into question as a violation of due process.

12.    Mr. Bustos' judgment was subsequently vacated based on *Johnson* and he was re-sentenced to 10 years, time served.  Sadly for Mr. Bustos, he had already served almost 30 years.

## F. AUTHORITIES

13.    Plaintiff's Fifth Amendment due process rights were violated by the restraint of his personal liberty.  Plaintiff does not bring a tort claim for false imprisonment, however, the elements of this cause of action are instructive of what is involved:

- Willful detention;
- Without consent; and
- Without authority of law.

    In *Forgie-Buccioni v. Hannaford Bros., Inc.,* 413 F.3d 175 (1st Cir. N.H. 2005), the court found that under New Hampshire law, false imprisonment is the unlawful restraint of an individual's personal freedom. When a defendant acts with the intent to restrain or confine a plaintiff within boundaries fixed by the defendant, Defendant's act directly or indirectly resulted in such restraint or confinement of the plaintiff, and the plaintiff was conscious of and harmed by the restraint or confinement, it constitutes a false imprisonment. Therefore, confinement can be imposed by physical barriers or physical force.

14.    In this case, Plaintiff was willfully detained/confined by the intentional act(s) of Defendant.   Plaintiff did not consent to the direct imprisonment imposed by the defendant; Mr. Bustos maintained an on-going campaign for release.  As acknowledged by the Supreme Court in *Johnson* and the Waco court in case numbers W-16-CV-098-RP and W-90-CR-127-RP-1, Mr. Bustos' due process rights were violated by the **grounds** on which he was sentenced.

15.     Additionally, Plaintiff's claims contain both specific violations of rights as well as encompassing unenumerated rights that are "implicit in the concept of ordered liberty." *See Rochin v. California*, 342 U.S. 165, 169-175 (1952).  Mr. Bustos was deeply and egregiously harmed by 17 years of excess imprisonment that violated his constitutional due process rights, resulting in the damages listed below.

16.     Plaintiff also brings a due process cause of action against Defendant for its failure to train, supervise, or adequately hire its employees.  Reports of guard brutality or conscious indifference of violence in prison are common knowledge.  Mr. Bustos suffered severe physical injuries when he was unjustifiably attacked by two prison guards.  The prison's administrative investigation found that Mr. Bustos committed no infraction and that the guards' assault was unwarranted.  As a direct result of this attack, Mr. Bustos had surgery in January, 2020, where steel rods were placed in his back.  Foot surgery is still indicated.

17.     The principal element of **damages** in Mr. Bustos' claims is the loss of freedom for most of his adult life.  Sometimes, a court also takes into account the fear and nervousness suffered as a result of the detention. *Pitts v. State*, 51 Ill. Ct. Cl. 29 (Ill. Ct. Cl. 1999).   In addition to the basic right of freedom of his person, his fear and nervousness both while in custody and after his release, and his physical suffering from the guards' attack, Plaintiff suffered the following damages, loss of:

- Seventeen years of time with his parents.  Not only did Plaintiff miss the time with his parents, he also missed their funerals.
- Mr. Bustos was prevented from interacting with his extended family. Further, several of these family members died; Plaintiff missed those funerals as well.
- Plaintiff was married and had small children at the time of his incarceration. By the time 27 years passed, he had missed all of the time watching his children grow.

- Plaintiff's wife divorced him.
- Mr. Bustos lost at least 17 years of social security credits that he would have earned from a job and he also lost at least 17 years of private retirement benefits that he could have accrued. Mr. Bustos was deprived of a career and promotions along with at least 17 years of salary and raises.
- As a 50+ year old man with no recent job history or skill set, Mr. Bustos is deprived of a meaningful career at this point in his life.

## G.  REMEDIES

18.    Historically, compensatory damages were viewed: "Constitutional rights of a citizen are so valuable that an injury is presumed to flow from the deprivation itself." Mottley v. Rundle, 340 F. Supp. 807, 810-11 (E.D. Pa. 1972). Cf., Jones v. Wittenberg, 323 F. Supp. 93 (N.D. Ohio), aff'd 456 F.2d 854 (6th Cir. 1972).  (Requiring proof of actual damages).  As special and general damages:

- For 17 years of imprisonment on the wrongful punishment itself  that violated his due process rights, Mr. Bustos claims at least $50,000 x 17 years = $850,000 (Mr. Bustos was *de facto* exonerated of the 18 U.S.C. 924(e) charge);
- For 17 years of loss of companionship and familial relations with his parents and extended family, Mr. Bustos claims at least $25,000 x 17 years = $425,000;
- For 17 years of loss of companionship and the privilege of being a parent, Mr. Bustos claims at least $50,000 x 17 years = $850,000;
- For 17 years of loss of a career, retirement, salary, and social security benefits, Mr. Bustos claims at least $850,000; and
- For mental anguish and physical pain and suffering, Mr. Bustos claims at least $1,000,000.

  Total special and general compensatory damages, at least:
      $3,975,000

19.    The traditional common law application for measuring punitive damages is constitutional:

- Wide discretion may be shown to consider the gravity of the harm to the plaintiff and the need to deter similar acts against its citizens.  *See Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991).

- A court may examine the reprehensible degree of the act, the ratio between award and plaintiff's actual harm, and what a legislature provides for comparable misconduct.[1]   *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 424 (2003).   *Cf. TXO Corp. v. Alliance Resources*, 509 U.S. 443 (1993).   (It must be noted that these suits involved private parties; the Fifth Amendment of the Constitution affords protection to citizens, restricting the federal government's acts, not the other way around.)

Total punitive damages, (at least 2 x compensatory):          $7,950,000

20.    Plaintiff is entitled to all costs of suit.

21.    Plaintiff asks that he be awarded attorney fees in addition to other damages and costs.

## H.  CONCLUSION

20.    The following facts are undeniable:

a.    Mr. Bustos' due process rights under the Fifth Amendment were violated;

b.    The first criminal judgment of guilt was vacated and replaced with a judgment conforming to the Supreme Court decision in *Johnson*.  By vacating and replacing the judgment, Mr. Bustos was exonerated of the enhanced conviction and sentence;

c.    It was only the unconstitutionally-enhanced sentence that caused Plaintiff to spend an unnecessary 17 extra years in prison;

d.    Throughout the 17 years Mr. Bustos suffered unnecessary and cruel anguish, indignities, abuse, and loss described above;

e.    As compensation for the violation of his Constitutional right to due process and to bring justice for Mr. Bustos, monetary compensation is due to him (although it is impossible to put a price on his life and losses);

---

[1] Texas pays $80,000 per year plus an $80,000 per year annuity.

    f.     Punitive damages are appropriate to give all prosecutors, law enforcement, prisons, and even courts pause so that each and every defendant and document are thoroughly scrutinized; and

    g.     Plaintiff is entitled to costs of suit and reimbursement of attorney fees.

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks that Defendant be cited to appear and answer herein, for all relief requested, and for such other and further relief, at law, in equity, or in the name of justice that Mr. Bustos may show himself justly entitled.

Respectfully submitted,

*/s/ Janet Payne*

Janet M. Payne
Texas SBN 24048717
8118 Ravenswood Road
Granbury, TX   76049
Ph:    682-936-4700
Fax:   682-936-4701
legalteam@jmpaynelaw.com

Attorney for Plaintiff